120    181
f136    705

## McCormick Harvesting Machine Company, v. M. V. Lambert, Appellant.

**Principal and Agent:** EVIDENCE OF AGENCY.    In a suit to recover
1    for a binder shipped in care of a third party, it is competent for the purpose of establishing agency in the third party to show that he had handled plaintiff's machines and had sold them and taken notes in settlement payable to plaintiff.

**Authority of Agent:** NOTICE: EVIDENCE.    In the sale of a binder
2    shipped to defendant in care of a third party on condition that it should be given one day's trial, and if it failed to work well immediate notice should be given plaintiff or its agent, the evidence on the question of agency of the third party is considered and held sufficient to warrant the jury in finding that such third party was authorized to receive notice of the failure of the binder to work.

**Same.**    The fact that men came to repair a machine in response
3    to notice given the agent of its failure to work, is sufficient evidence of the agent's authority, in the absence of a contrary showing.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, APRIL 11, 1903.

ACTION at law to recover on an order for a harvesting machine. There was a directed verdict for the plaintiff, and a judgment thereon, from which the defendant appeals.—*Reversed*.

*Lee & Robb* for appellant.

*Salinger & Korte* for appellee.

SHERWIN, J.—The order upon which this action is based provided for the delivery of a machine to the defendant at Coon Rapids, consigned to the care of "Jones." Upon its delivery to the defendant, he was to settle therefor by note due January 1, 1901. The order contained the usual warranty, and provided for one day's trial of the machine, with a stipulation, also, that if it did not work well immediate notice should be given the plaintiff or its agent, and "allow time to send a person to put it in order," and if not then made to work well it was to be "returned at once to the agent of whom he received it." The binder was shipped to one Jones at Coon Rapids, and received of him by the defendant.

The defendant offered evidence tending to show that said Jones had been handling the plaintiff's machines and extras for several years, and that others had bought machines of him, and had settled with him therefor by giving their notes payable to the plaintiff. This testimony was all stricken out upon the plaintiff's motion, and in so ruling the court erred. All of these matters were competent as tending to prove that Jones was in fact the agent of the plaintiff, and further, they were competent as tending to show a course of dealing from which the agency might be presumed. Mechem on Agency, sections 83-86; *Van Werden v. Life Insurance Society*, 99 Iowa, 621. This testimony, in connection with the order itself, which designated Jones as the agent who

*1. EVIDENCE of agency.*

was to deliver the machine to the defendant, and as the one to receive it in case it was returned, was certainly sufficient to warrant a finding by the jury that Jones was an agent authorized to receive notice of the failure of the machine to work.

There was testimony that the defendant sent word to Jones, by one of the latter's sons, that the binder did not work well, and that the next day another son and a man by the name of Smith visited the defendant's farm and attempted to remedy the alleged defects in the machine. This testimony was stricken out also, on the ground that the defendant had not shown that Jones or Smith was authorized to so act. As we have already seen, there was evidence tending to show that Jones had charge of this machine.

2. Authority of agent: notice: evidence.

A notice to him, then, was sufficient; and if, in response thereto, his son and an expert appeared upon the scene and undertook to put it in good running order, it can hardly be said there is no evidence of authority to do so. The very fact that they were there in answer to the notice is sufficient evidence of authority, in the absence of any showing to the contrary.

3. Same.

The plaintiff was entitled to a reasonable time in which to get to the machine and to make it work, and it is ordinarily a question for the jury whether such time has been given or not. There is nothing before us to show that the plaintiff did not have all the time it wanted for that purpose.

The court erred in striking out the testimony to which we have referred, and erred further in directing a verdict for the plaintiff. The judgment is REVERSED.